# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

### CIVIL RIGHTS COMPLAINT
### CASE NUMBER: 3:14-cv-104-J-25JBt

**WILLIAM J. BECKER,**
Plaintiff,

v.

**MICHAEL CREWS, SECRETARY,
STATE OF FLORIDA, DEPARTMENT
OF CORRECTIONS, BARRY REDDISH,
WARDEN, LAWTEY CORRECTIONAL
INSTITUTION, WILLIAM WRIGHT,
CHAPLAIN, LAWTEY CORRECTIONAL
INSTITUTION, SERGEANT (UFN) NIEVES,
PROPERTY ROOM SERGEANT,
LAWTEY CORRECTIONAL INSTITUTION,**
Defendant,

_____/

### VERIFIED EMERGENCY MOTION FOR EMERGENCY INJUNCTIVE RELIEF WITHOUT NOTICE IN CIVIL RIGHTS LITIGATION

COMES NOW, PLAINTIFF, **WILLIAM J. BECKER,** and moves this Honorable

Court pursuant to Rule 65(a) and (b)[1] of the Federal Rules of Civil Procedure, for

an Emergency Temporary and Permanent Injunction Without Notice and Says:

---

[1] **Rule 65. Injunctions and Restraining Orders**
    (a) Preliminary Injunction.
        (1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.
        (2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.
    (b) Temporary Restraining Order.

1. This is a motion for an Emergency Temporary and Permanent Injunction Without Notice or With Notice enjoining on an emergency and immediate basis the Honorable Michael Crews, as Secretary of the Florida Department of Corrections, Sergeant Nieves, in her capacity as Lawtey Correctional Institution Property Room Sergeant, Chaplain William Wright, in his capacity as Lawtey Correctional Institution Chaplain, and Warden Barry Reddish, in his capacity as Warden of Lawtey Correctional Institution:

    a. Requiring the return to Plaintiff all religious articles necessary for proper adherence to worship in the tenets of Plaintiff's faith including:

        (1). Religious Books including BHAGAVAD-GITA AS IT IS, SRIMAD BHAGAVATAM, CAITANYA-CARITAMRTA, NECTAR of DEVOTION, NECTAR of INSTRUCTION, and SCIENCE of SELF REALIZATION.

        (2). Prayer beads known as JAPA MALA.

---

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
(2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.
(3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.
(4) Motion to Dissolve. On 2 days' notice to the party who obtained the order without notice--or on shorter notice set by the court--the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(3). a bead bag with attached counter beads.

(4). Neck beads known as KUNTI-MALA.

(5). Religious Medallion.

(6). Altar and at a minimum three sacred pictures.

(7). Sacred clay known as TILAK.

(8). Incense and prayer oil. (These are used separately.)

(9). Sacred thread known as BRAHMANA thread.

(10). Harinam Chaddar, a prayer shawl that has the HARE KRISHNA maha mantra printed upon it.

(11). Paraphernalia needed for services including:

(i). Musical instruments for KIRTNA (KARTALS, MRDANGA).

(ii). ARATI paraphernalia. (Brass tray, small brass cup and spoon, bell, ghee lamp, etc.)

(iii). Deities of the Lord.

(iv). BHAGAVAD-GITA and SRIMAD-BHAGAVATAM, Scriptural texts for services.

b. Disposing of Plaintiff's religious articles, and

c. Prohibiting the named defendants from preventing the Plaintiff in the free exercise of his religious practices as a HINDU or KRISHNA CONSCIOUSNESS, and

d. Prohibiting the named defendants and their employees and subordinates from taking retaliatory action against the Plaintiff including transfer, job reassignment, unwarranted disciplinary action as a means of preventing the Plaintiff in the free exercise of his religious practices as a HINDU or KRISHNA CONSCIOUSNESS.

2.   Plaintiff is an incarcerated inmate at Lawtey Correctional Institution, 7819 NW 228th Street, Raiford, Florida 32026 located within the jurisdictional restrictions of the Court.

3.   Plaintiff has filed a complaint pursuant to 42 USC 1983 seeking remedies for the defendants discriminating against the Plaintiff in his religious practice of the faith of HINDUISM or KRISHNA CONSCIOUSNESS in violation of the Plaintiff's United States Constitutional rights under the First Amendment and equal protection clause, and the Equal Protection Clause of the Fourteenth Amendment, and the Constitutional Protections of the Florida constitution and state of Florida statutory and Administrative Code rights. The allegations of the complaint are adopted and ratified in this motion.

4.   Plaintiff has no money nor possessions that may be liquidated to post bond or security for an injunction and the nature of the relief is one for which a bond should be waived.

5.   Plaintiff is an adherent of the faith and practitioner of the faith known as HINDUISM in the West and KRISHNA CONSCIOUSNESS elsewhere in the world.  The faith claims in excess of one billion followers worldwide.

6.   Plaintiff has been an adherent and devout follower of the faith since 1977.

7. Requirements of the faith establish that the Plaintiff is required to use certain items in his devotion and prayer and other religious practice.

8. None of the items and none of Plaintiff's religious practices pose a security risk or safety risk to the prison or confinement installation or any other person.

9. All of the religious items were received by Plaintiff in the Florida Department of Corrections provided by the Religious Temple that is the center of Plaintiff's religious devotion and previously provided to Plaintiff by employees of the Florida Department of Corrections.

10. The defendants are presently in possession of the property after reclaiming the items from the Plaintiff as detailed in the complaint and have initiated efforts to return items to the Religious Temple or to destroy the items.

11. Plaintiff is without an adequate remedy at law.

12. Plaintiff will be and continues to be irreparably harmed by the defendants continued action:

    a. depriving the Plaintiff of the religious articles, and

    b. disallowing the Plaintiff from participating in his religious tradition by denying the necessary religious articles, and

    c. improperly and illegally allowing adherents of other faiths to possess, use, and enjoy similar items in other religious traditions including, but not limited to, Judaism, Islam, and Catholicism, and

d. in seeking to take or initiating retaliatory action against the Plaintiff including transfer, job reassignment, and unwarranted disciplinary action as a means of enforcing the unconstitutional limitation of Plaintiff's free exercise of his faith.

13.  The installation and staff have advanced no security or safety reason justifying the denial of the religious articles while allowing nearly identical items to be distributed to adherents of other faiths in direct violation of Plaintiff's Fourteenth Amendment right to equal protection of the law. No safety or security reason exists for the denial of the items to the Plaintiff.

14.  Plaintiff's has exhausted his administrative remedies as required under the laws of the state of Florida including informally, formally grieving the decisions of the defendants and appealing their actions to the office of the Secretary of the Florida Department of Corrections.

15.  No attempt to contact the Defendants has occurred for fear that the actual harm threatened would occur.

**WHEREFORE Plaintiff requests that the Honorable court enter an immediate temporary and permanent injunction on a temporary and permanent basis without notice or with notice required to be made which provides:**

**a.  Enjoining on an emergency temporary and permanent basis the honorable Michael Crews, Secretary, Florida Department of Corrections, Sergeant Nieves, in her capacity as Lawtey Correctional Institution Property Room Sergeant, Chaplain William Wright, in his capacity as Lawtey Correctional Institution Chaplain, and Warden Barry Reddish, in his capacity**

as Warden of Lawtey Correctional Institution from disposing of Plaintiff's religious articles, and

b. Requiring the honorable Michael Crews, Secretary, Florida Department of Corrections, Sergeant Nieves, in her capacity as Lawtey Correctional Institution Property Room Sergeant, Chaplain William Wright, in his capacity as Lawtey Correctional Institution Chaplain, and Warden Barry Reddish, in his capacity as Warden of Lawtey Correctional Institution to return the listed religious articles for Plaintiff's use in his religious practices, and

c. Enjoining on an emergency temporary and permanent basis the honorable Michael Crews, Secretary, Florida Department of Corrections, Sergeant Nieves, in her capacity as Lawtey Correctional Institution Property Room Sergeant, Chaplain William Wright, in his capacity as Lawtey Correctional Institution Chaplain, and Warden Barry Reddish, in his capacity as Warden of Lawtey Correctional Institution from prohibiting Plaintiff's free exercise and use of the religious articles and allow Plaintiff to enjoy the practice of his faith as a HINDU or KRISHNA CONSCIOUSNESS follower, and

d. Enjoining on an emergency temporary and permanent basis the honorable Michael Crews, Secretary, Florida Department of Corrections, Sergeant Nieves, in her capacity as Lawtey Correctional Institution Property Room Sergeant, Chaplain William Wright, in his capacity as Lawtey Correctional Institution Chaplain, and Warden Barry Reddish, in his capacity as Warden of Lawtey Correctional Institution from taking retaliatory action against the Plaintiff including transfer, job reassignment, unwarranted disciplinary action as a means of preventing the Plaintiff from enjoying free exercise of his religious practices as a HINDU or follower of KRISHNA CONSCIOUSNESS.

e. Providing Plaintiff compensation for the destruction of his property, AND

f. Such further action as the court deems just.

## VERIFICATION

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ___23___ day of ___JAN_____, 2014.

_M William Becker_

Signature of Plaintiff
**WILLIAM J. BECKER**
**Lawtey Correctional Institution**
**7819 NW 228th Street**
**Raiford, Florida 32026**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was provided to

_____, Legal Mail Officer, Lawtey Correctional Institution by

first class US mail to

- THE HONORABLE MICHAEL CREWS, Secretary of the Department of Corrections, c/o the General Counsel, Department of Corrections, 501 South Calhoun Street, Tallahassee, Florida 32399-1050, and

- the HONORABLE PAMELA JO BONDI, ATTORNEY GENERAL, The Capitol, Suite PL-01, Tallahassee, Florida  32399-1050, and

- the CLERK OF  THE COURT, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA, Jacksonville Division, Bryan Simpson United

States Courthouse, 300 North Hogan Street, Suite 9-150, Jacksonville,

Florida  32202-4271, and

• BARRY REDDISH, Warden, Lawtey correctional Institution, 7819 NW

228th Street, Raiford, Florida 32026,

• WILLIAM WRIGHT, Chaplain, Lawtey Correctional Institution, 7819

NW 228th Street, Raiford, Florida 32026, and

• SERGEANT (FNU) NIEVES, Property Room Sergeant at Lawtey

Correctional Institution, 7819 NW 228th Street, Raiford, Florida 32026,

this _23_ day of January, 2014.

Signature of Plaintiff
**WILLIAM J. BECKER**
**Lawtey Correctional Institution**
**7819 NW 228th Street**
**Raiford, Florida 32026**

LEGAL MAIL
PROVIDED TO LAWTEY C.I.
DATE 23 JAN 14 FOR MAILING.
INITIALS WJB